Chief Justice Robertson
delivered the opinion of the Court.
This is a suit in chancery instituted by John B. Bernard, against the trustees of the Gallatin Academy, to injoin a judgment at law, obtained by them against him,.on anote executed by him to them, for $140, payable on demand, and dated 1 st February, 1817. .
The bill alleges that Samuel Cobb, a creditor of the trustees, drew an order on them, on the 23d of December, 1813, in his (Bernard’s) favor, for $66, which they accepted, and, by an order of their board on the 20th of May, 1820, agreed to credit on his note for $140. That, by an order of their board, made on the 1st of July, 1816, the trustees acknowledged that they owed him $66 17 cents, and directed their treasurer to pay him that sum. That the consideration for the note to the trustees, was money, which he had borrowed from Plummer, who was their treasurer,'and which he expected to have settled, by setting off against it, the aggregate of theyiforesaid two sums, which the trustees owed him; but that Plum” *426 mer, a short time before his death, being desirous to obtain his note to the trustees, for the sum which he (Plummer)had loaned to him, and which he said was taken from the fund of the trustees, he accordingly gave the note to the trustees, supposing that there would be no difficulty in settling and discharging it,with his claims on the trustees. But that they had obtained a judgment on his note, for the whole amount thereof, and refused to allow any credit whatever. Wherefore, the bill prays for a set-off^ of the two claims on the trustees, which would exceed the amount of the note, and in the mean time, for an injunction.
Acceptance of or :cr, in fa> -o of obli' jor, ¡m'i special agreement to cred« it his note with the ain’t constitutes the order equitable'set-off.
*426 The injunction having been granted, a paper was-filed purporting to be the answer of the trustees, by Win. O. Butler, their attorney, and of the frufh of the statements in which, no affidavit appears to have beem made. This paper denies some of the, most material allegations of tne bill, and requires proof of them.
On the final hearing, the circuit court decreed a perpetuation of the injunction, for $66 17 cents, and a dissolution of it for tne remainder of the judgment, witn ten per cent, damages thereon, and divided the costs between the parties.
Bernard prosecutes this writ of error to reverse this decree.
"Whether the paper, filed as the answer of the, trustees, be considered as their answer or not, is immaterial. If it be recognized as a sufficient answer, oras one to which, although it was exceptionable, all available objection has been waived, nevertheless, though there was no deposition filed in the case, Bernard was entitled to a perpetuation of his injunction, for the amount of the acceptance by the trustees in 1817, for two reasons:
1st. The paper filed as answer, virtually admits the genuineness of the acceptance.
•2d. The acceptance was special, and acknowledge ed Bernard’s right to a credit on his note for the amount of the order ($66,) he, therelore, not only *427 had a right to a set-off for that amount, but lie bad a right to that set-off in equity.
Unconnected demand cannot be. ret-off, in equity, without alie--{ration of insolvency, non residence, or other extrinsic ciioutn-stance, to ¡rive jurisdiction.
And if the paper filed by the attorney, be not admitted as an answer, still Bernard was not entitled to a perpetuation of his injunction for the amount of the allowance of f>66 17 cents, which he claims in consequence of the order of the board, alleged to have been, made in his favor, on their treasurer, in 1816.
Waiving the consideration of the question, whether this last order should be considered as made in consideration of the -draft on the board, by Cobb, in Bernard’s favor, for $66, or whether, if it should not be so considered, it should, nerertneless, be presumed to have been paid by the treasurer; this item, even if it be yet justly due, is not a fit subject for equitable set-off. There is nothing in the bill which tends to show any connection between the §66 17.cents and the note, or any promise by the trustees, to credit it on the note, or the inability of the trustees to pay it, or of Bernard to recover it by the appropriate legal remedy, nor has any sulficient reason been assigned for not pleading it on the trial at law, on the note. Therefore, principle, as well as authority, .interdicts the relief sought in chancery, as to,this sum.
If, therefore, the bill had been taken for confessed, there ought not to have been a perpetuation of the injunction for the amount of the order of 1816, and'consequently, it cannot be material to determine whether the document filed by the attorney, be an answer or not, as, whether it be or not, the merits of-the case must be the same.
We are of opinion, however, that' no answer was filed. If an answer by the trustees had been filed wiihout affidavit, it would have been proper for Bernard to have objected to it on that ground, and if lie had not done so, his acquiescence might have had the effect of a waiver of his right to object to it. But an answer cannot be made by attorney, and, therefore, Bernard was not bound to take notice of the paper filed b> Butler; it was not an answer, and could never have the effect of an answer, unless Bernard had positively agreed to receive it as an answer. There is no s.uch agreement in the record, and such *428 an one cannot be presumed from the silence oí Bernard.
li'compl’nt. is enti .í d to-any re-ief,
Monroe and Sanders, for plaintiff; T. T. Crittenden, for defendants.
But the decree is erroneous in three particulars:
1st. The injnnction should have been perpetuated, not for $66 17 cents, but for $66, and the legal interest upon that amount, from the 20th of May, 1817, if interest had been recovered on the note from that time or from its date. There is nothing in the record which will enable this court to ascertain what amount of interest was allowed on the judgment on the note. But as the bill alleges that interest was allowed, some interest should have been allowed on the credit. The interest on the note and that on the credit, should go pari passu.
2d. The amount of the ten per cent, damages is not ascertained by the decree, nor can it be ascertained by an examination of the record in this case.
3d. As Bernard was entitled to some relief, he was also entitled to a decree for his costs.
Wherefore, for these errors, the decree of the court is reversed, and the cause remanded, with instructions, if the trustees shall not file a sufficient answer within a reasonable time, to render a decree conformable to this opinion, unless Bernard shall amend his bill, by alleging some fact which may give the chancellor jurisdiction of his whole claim, in which event, the decree will be regulated by the facts which may hereafter appear.